Filed 7/16/25  Marriage of Maddox CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| In re the Marriage of YELENA and MICHAEL MADDOX. | C101385 |
| YELENA MADDOX, | (Super. Ct. No. 22FL46294) |
| Respondent, | |
| v. | |
| MICHAEL MADDOX, | |
| Appellant. | |

After appellant Michael Maddox (husband) missed multiple deadlines to file his financial disclosures in a marriage dissolution action, the trial court entered a default judgment in favor of respondent Yelena Maddox (wife).  Several months later, husband filed a motion to set aside the judgment.  The trial court denied the motion, concluding that husband had failed to show any mistake, inadvertence, surprise, or excusable neglect and that husband's objections to the court's division of marital property were untimely.  Husband appeals the order, arguing that the court incorrectly divided the marital estate

when it entered judgment. Because husband has failed to provide any reasoned argument challenging the grounds on which the trial court's order rested, we will affirm.

BACKGROUND

Husband and wife were married for 17 years. As part of a dissolution action, wife requested an order awarding her exclusive control over the family home. She also requested an order requiring husband to provide his preliminary declaration of disclosure under Family Code section 2104, which generally requires a party to provide a declaration within a defined period identifying his or her assets. Wife noted that she had served her own disclosure on husband on December 15, 2022 and stated that she needed husband's disclosure because he was in control of most of the family's financial records. At a March 21, 2023 hearing on the request, the trial court ordered husband to file his disclosure declaration by April 19, 2023 or wife would be permitted to file for default.

On May 8, 2023, husband's attorney requested to be relieved as counsel. Husband's second attorney did the same on June 30, 2023. The trial court granted both attorneys' requests.

At a hearing on July 18, 2023, the trial court found that husband had not filed his disclosure declaration and ordered him to do so by July 28, 2023. Husband did not file his disclosure declaration by that date.

On August 22, 2023, wife requested a default hearing. She asserted that husband had repeatedly refused to produce financial documents despite court orders to do so.

The trial court held a default hearing on September 5, 2023. Husband did not appear. Based on husband's failure to file his disclosure declaration, the court struck his response to the dissolution petition and entered a default judgment. The court served husband with a notice of entry of judgment two days later. Among other things, the judgment divided the assets between the two parties. The judgment was amended three times; the last of the amended judgments was filed and noticed on November 13, 2023.

2

On September 18, 2023, husband retained a new attorney. On February 26, 2024, husband filed his disclosure declaration, which stated that he had served his disclosures on wife's attorney four months earlier, on October 25, 2023.

On February 28, 2024, husband filed a motion to set aside the default judgment under Code of Civil Procedure section 473, subdivision (b).[1] He argued that his attorneys failed to provide the disclosures, even though he had given them the required financial information; that wife mischaracterized various assets, in breach of her fiduciary duties under Family Code sections 721, subdivision (b) and 2102; and that the judgment resulted in an unequal division of community property, in violation of Family Code section 2550. Husband also filed a declaration asserting that he had not received assistance from his attorneys in providing his financial disclosures. Among other things, he contended that his first attorney did not tell him what information to provide, gave him conflicting instructions about what was required, and failed to complete and serve declarations of disclosure. He also blamed wife's attorney for his nonappearance at the default hearing, claiming that the hearing was advanced without notice.

The trial court denied husband's motion to set aside the default judgment. In its findings and order after hearing, issued on April 30, 2024, the court determined that husband had "failed to meet his very low burden to demonstrate 'mistake, inadvertence, surprise, or excusable neglect' " under section 473, subdivision (b). The court found that husband and his declaration "are not credible." The court "base[d] this finding on the filings in this case, the hearings and verbal exchanges [the] Court has had with [husband] at various hearings, and [husband's] extensive history of not following Court orders." The court further observed that husband had provided no declaration from "any of his attorneys attributing to themselves 'mistake, inadvertence, surprise, or excusable neglect.' " And while husband "made multiple allegations" against one of his former

---

[1] Undesignated statutory citations are to the Code of Civil Procedure.

3

lawyers, the court found husband and his declaration "not credible for the reasons [previously] cited."

The trial court also rejected husband's objections under Family Code sections 2550 and 721, subdivision (b), which generally require equal division of assets and prescribe fiduciary duties between spouses, respectively. The court concluded that husband's objections were "untimely[,] as the time to contest those issues was at the default hearing." The court found that husband "had notice of the hearing, but did not attend" and that husband's declaration "purporting to explain why he did not attend [was] not credible." The court thus concluded that husband was not entitled to "statutory relief."

The trial court also found no basis for granting equitable relief from the default judgment. The court observed that husband had failed to follow court orders and had engaged in an "extensive history of disingenuous conduct." He therefore came to the court with " 'unclean hands' and [could not] now be heard to complain of an injustice or be entitled to equitable relief." The court further found that laches applied in light of husband's unreasonable delays in challenging the property division and in moving to set aside the judgment.

On June 21, 2024, husband filed a notice of appeal, stating that he was appealing the "judgment or order . . . entered on" April 30, 2024 and attaching the April 30, 2024 findings and order after hearing.

DISCUSSION

Husband argues that the default judgment should be set aside because the trial court was obligated to divide the community estate equally between the parties under Family Code sections 1101, subdivision (g) and 2550.

A party may move to set aside a default judgment under section 473, subdivision (b) on the grounds that the default resulted from "mistake, inadvertence, surprise, or excusable neglect." The motion must "be made within a reasonable time, in

4

no case exceeding six months, after the judgment." (§ 473, subd. (b).) If an attorney provides a "sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect," a trial court is required to grant the motion unless it "finds that the default . . . was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (*Ibid.*)

"The standard for appellate review of an order denying a motion to set aside under section 473 is quite limited. A ruling on such a motion rests within the sound discretion of the trial court, and will not be disturbed on appeal in the absence of a clear showing of abuse of discretion, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice." (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 118.) "The burden is on the complaining party to establish abuse of discretion." (*Ibid.*)

In considering husband's motion under section 473, subdivision (b), the trial court concluded that husband's claims of mistake, inadvertence, or neglect were not credible and that his objections to the division of property were not timely. As to equitable relief, the court held that husband had " 'unclean hands' " and that laches applied. Husband's opening brief does not address these conclusions, and any challenge to them is therefore forfeited. (*Golden Door Properties, LLC v. Superior Court* (2020) 53 Cal.App.5th 733, 786.) Husband's opening brief argues instead that the trial court misapplied Family Code sections 1101, subdivision (g), 2550, 721, and 2107 by allocating various properties to wife. But even if he is correct, that would provide no basis for overturning the trial court's order, as that order rests on multiple independent grounds for denying husband's set-aside motion that husband does not challenge. (*People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1237 ["When a trial court states multiple grounds for its ruling and appellant addresses only some of them, we need not address appellant's arguments because 'one good reason is sufficient to sustain the order from which the appeal was taken' "].) Because husband has not challenged the bases for the trial court's order, he has not carried his burden to establish an abuse of discretion on appeal. (*In re Marriage*

*of Eben-King & King, supra*, 80 Cal.App.4th at p. 118; see *Shaw v. Los Angeles Unified School Dist.* (2023) 95 Cal.App.5th 740, 754 ["It is the parties' responsibility to support claims of error with meaningful argument and citation to authority"].) The trial court's order must therefore be affirmed.

## DISPOSITION

The trial court's order denying the motion to set aside the default judgment is affirmed. Wife shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

_____/s/_____
FEINBERG, J.

We concur:

_____/s/_____
DUARTE, Acting P. J.

_____/s/_____
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.